Defendant/appellant Fred Carrabotta entered a plea of guilty to one count of domestic violence, a fifth degree felony. Appellant's offenses were committed after July 1, 1996. and were therefore subject to Senate Bill 2. He was sentenced to twelve months in prison, the maximum sentence available for this offense. In this appeal, he first contends
 I. THE TRIAL COURT'S IMPOSITION OF THE MAXIMUM PRISON SENTENCE FOR FIFTH DEGREE FELONY WAS CONTRARY TO LAW BECAUSE THE TRIAL COURT DID SO WITHOUT MAKING THE FINDINGS REQUIRED BY R.C. 2929.13, 2929.14 AND 2929.19.
This assignment of error is not well taken.
Appellant was found guilty on one count of knowingly causing or attempting to cause physical harm to a family or household member, in violation of R.C. 2919.25(A), with a specification reflecting a prior conviction for domestic violence. Appellant's offense was a fifth degree felony. R.C. 2919.25(D). Under R.C.2929.14(A)(5), the prison term for a felony of the fifth degree shall be six, seven, eight, nine, ten, eleven, or twelve months. After referring the appellant for a presentence investigation to consider his suitability for community sanction and substance abuse treatment, the court sentenced appellant to the maximum term of twelve months.
R.C. 2929.12(A) establishes that the court has discretion in imposing a sentence for a felony to determine the most effective way to comply with the purposes and principles of sentencing set forth in R.C. 2929.11.
 The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.
R.C. 2929.11(A). Under R.C. 2929.13(B)(2)(a), the court shall impose a prison term if, after making a finding described in R.C.2929.13(B)(1)(a) through (h) and considering the factors set forth in R.C. 2929.12, it finds that a prison term is consistent with the purposes and principles of sentencing under R.C. 2929.11 and that the offender is not amenable to an available community control sanction.
Under some circumstances, the court is required to give its reasons for imposing the sentence. In particular, R.C.2929.19(B)(2) states, in relevant part:
 The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 (a) * * * [I]f it imposes a prison term for a felony of the fourth or fifth degree * * *, its reasons for imposing the prison term, based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code, and any factors listed in divisions (B)(1)(a) to (h) of section 2929.13 of the Revised Code that it found to apply relative to the offender.
* * *
 (d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for the offense by division (A) of section 2929.14 of the Revised Codes, its reasons for imposing the maximum prison term * * *.
Under R.C. 2929.14(C), the court may impose the longest prison term authorized only upon offenders who committed the worst forms of the offense or upon offenders who pose the greatest likelihood of committing future crimes, among others. The record must affirmatively support the trial court's sentence. R.C.2953.08(G)(1)(a).
In sentencing the appellant for this offense, the trial court found that the appellant caused physical harm to a person, R.C.2929.13(B)(1)(a); the appellant attempted to cause or made an actual threat of physical harm to a person and the appellant previously was convicted of an offense that caused physical harm to a person, R.C. 2929.13(B)(1)(c); and the appellant committed this offense while he was under a previous community control sanction, R.C. 2929.13(B)(1)(h). (Tr. II, p. 4.) On the question of whether the appellant was likely to recidivate, the court noted that the appellant had two prior convictions for domestic violence, R.C.2929.12(D)(2), and that the appellant had demonstrated a pattern of drug or alcohol abuse related to the offense that he refused to acknowledge or treat, R.C. 2929.12(D)(4). (Tr. II, pp. 3-4.)[1]
With regard to the particular circumstances of this offense, the appellant was reported to have argued with his victim, punched her in the chest, bit her in the right arm, prevented her from using the telephone, and choked her until she passed out. (Tr. II, p. 5.) The victim reported multiple bruises on her chest and right arm as well as a bite mark on her right arm. (Ibid.) After considering the appellant's potential for substance abuse treatment and after hearing from the appellant and his counsel, the court determined that a prison term was the appropriate sentence. (Tr. II, p. 11.) The court further found that the appellant committed the worst form of the offense and posed the greatest likelihood of committing future crimes, R.C. 2929.14(C). (Ibid.)
We conclude that this record is sufficient under R.C.2929.19(B)(2) to sustain the court's decision to sentence appellant to prison. The court explained its reasons for imposing a prison term for this fifth degree felony, and it is clear from the record that the court made the requisite findings under 2929.13(B)(1)(a) through (h) and considered the factors set forth in R.C. 2929.12
before finding that a prison term was consistent with the purposes and principles of sentencing under R.C. 2929.11 and that the appellant was not amenable to an available community control sanction. R.C. 2929.13(B)(2)(a). The R.C. 2929.12(D) factors which suggest that the offender is likely to commit future crimes may also justify the court's decision to impose the longest term authorized under R.C. 2929.19(B)(2)(d) and R.C. 2929.14(C). Cf.State v. Lugo(Sept. 18, 1998), Huron App. No. H-97-045, unreported. While an express statement of the particular fact or facts that caused the court to impose the maximum prison term under R.C. 2929.14(C) would facilitate appellate review, we are satisfied from our review of this record that the court sufficiently identified its reasons for imposing the maximum prison term by reference to the seriousness of the appellant's offense and the likelihood that he would commit future crimes. In contrast to the conclusory observations that were considered deficient in cases like State v. Kimmie(July 2, 1998), Cuyahoga App. No. 72904. unreported, and State v. Edmonson(Sep. 25, 1998). Portage App. No. 97-P-0067, unreported, or the absence of any finding at all as was the case in State v. Banks(Nov. 20, 1997), Cuyahoga App. No. 72121, unreported, the trial court's conclusions here are based on facts articulated by the court for the record. We are satisfied that the sentence imposed on the appellant was within the trial court's discretion and is supported by the record.
Appellant's second assignment of error asserts
 II. THE TRIAL COURT ERRED WHEN IT REFUSED TO COMPLY WITH THE REQUIREMENTS OF CRIMINAL RULE 32(B) THAT APPELLANT BE ADVISED OF HIS RIGHT TO APPEAL AND, UPON REQUEST, FORTHWITH TO APPOINT COUNSEL FOR APPEAL.
We agree with appellant that R.C. 2953.08(A)(1)(a) authorized this appeal as of right at least as to the sentence imposing the maximum prison, term allowed under R.C. 2929.14(A) for a single offense, and that the trial court mistakenly relied on R.C.2953.08(A)(2) when it refused to advise the appellant of his appeal rights. But the trial court's erroneous refusal to advise appellant of his right to appeal or appoint counsel for the appeal was rendered moot by the appellant's timely appeal and by this Court's subsequent order granting appellant's motion for appointment of counsel for the appeal. We do not perceive any prejudice to the appellant under these circumstances. We therefore overrule this assignment of error as moot.
The judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The appellant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________________________ DIANE KARPINSKI, PRESIDING JUDGE
 _____________________________________ PATRICIA ANN BLACKMON, JUDGE
 _____________________________________ ANNE L. KILBANE, JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A). is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] We have previously held that the court need only consider the factors under R.C. 2929.12 and need not make specific findings as to those factors. See State v. Banks(Nov. 20, 1997), Cuyahoga App. No. 72121, unreported. Appellant does not challenge this interpretation. Appellant's Brief at 7, n. 1.